**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alejandro HERNANDEZ, Defendant—Appellant.**

**No. 03–50054.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

Jason M. Ohta, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gerald B. Singleton, San Diego, CA, for Defendant–Appellant.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Alejandro Hernandez appeals the district court's denial of his motion to suppress the fruits of a Customs Inspector's search of the gas tank of Hernandez's vehicle following which Hernandez entered a conditional guilty plea to importation of marijuana (21 U.S.C. §§ 952, 960) and aiding and abetting (18 U.S.C. § 2).

Hernandez contends that the district court erred in finding that reasonable suspicion existed to justify the "non-routine" search of the gas tank. During the pendency of this appeal, the Supreme Court held that the government's authority to conduct *suspicionless* inspections at the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

border includes the authority to remove, disassemble, and reassemble a vehicle's fuel tank. *United States v. Flores–Montano,* —— U.S. ——, ——, 124 S.Ct. 1582, 1587, 158 L.Ed.2d 311 (2004). The search of Hernandez's gas tank was therefore lawful and the district court properly denied the suppression motion. *United States v. Nava,* 363 F.3d 942, 944–45 (9th Cir.2004) (applying *Flores–Montano* ).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.